# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

—————————————————————

PUBLIC CITIZEN HEALTH )
RESEARCH GROUP, )
    1600 20th Street NW )
    Washington, DC 20009, )
                              )
AMERICAN PUBLIC HEALTH )
ASSOCIATION, )
    800 I Street NW )
    Washington, DC 20001, )
                              )
    and, )
                              )
COUNCIL OF STATE AND )
TERRITORIAL EPIDEMIOLOGISTS, )
    2872 Woodcock Boulevard )
    Suite 250 )
    Atlanta, GA 30341, )
                              )
            Plaintiffs, )     Civil Action No. 18-cv-1729
                              )
            v. )     **COMPLAINT FOR DECLARATORY**
                              )     **AND INJUNCTIVE RELIEF**
ALEXANDER ACOSTA, Secretary, )
United States Department of Labor, )
    200 Constitution Ave. NW )
    Washington, DC 20210, )
                              )
UNITED STATES DEPARTMENT )
OF LABOR, )
    200 Constitution Ave. NW )
    Washington, DC 20210, )
                              )
    and, )
                              )
OCCUPATIONAL SAFETY )
AND HEALTH ADMINISTRATION, )
    200 Constitution Ave. NW )
    Washington, DC 20210, )
                              )
            Defendants. )

—————————————————————

## INTRODUCTION

1.    This suit challenges the decision of the Occupational Safety and Health Administration, a component of the Department of Labor under the authority of Secretary of Labor Alexander Acosta (collectively, OSHA) to suspend substantive provisions of the rule entitled "Improve Tracking of Workplace Injuries and Illnesses." *See* 81 Fed. Reg. 29624 (May 12, 2016) (the Electronic Reporting Rule or the Rule). Under the Rule, certain covered establishments were required, by July 1, 2018, to submit electronically to OSHA three forms detailing their 2017 injury and illness data—OSHA Forms 300, 301, and 300A. Despite the deadline in the Rule, OSHA announced that it would not require, or even accept, the submission of OSHA Forms 300 and 301. OSHA failed to use notice-and-comment procedures to alter the Rule's requirements, and OSHA's stated reason for its action—its intent to reconsider the Rule—is arbitrary and capricious.

2.    Plaintiffs bring this action under the Administrative Procedure Act (APA) to challenge OSHA's failure to implement all aspects of the Electronic Reporting Rule.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

4.    Venue is proper under 28 U.S.C. § 1391(e).

## PARTIES

5.    Plaintiff Public Citizen Health Research Group (HRG) is a division of Public Citizen, a nonprofit research, litigation, and advocacy organization that represents the public interest before the executive branch, Congress, and the courts. Among other things, HRG promotes research-based, system-wide changes in health care policy, including in the area of occupational health, and advocates for improved safety standards at work sites. HRG intends to use the work-related injury and illness data submitted to OSHA and publicly disclosed pursuant to the Electronic

Reporting Rule to conduct research on issues of workplace health and safety. HRG has often used information reported to government agencies and made available to the public to analyze threats to human health. For example, HRG has relied on publicly available OSHA data to issue reports on OSHA enforcement, to comment on workplace beryllium exposures, and to petition OSHA for a regulation on occupational heat stress. In addition, HRG has extensive experience utilizing publicly available data from other federal agencies, such as the Food and Drug Administration's pharmaceutical Adverse Event Reporting System and the Health Resources and Services Administration's National Practitioner Data Bank. Public Citizen submitted comments to OSHA in support of the Rule.

6.      Plaintiff American Public Health Association (APHA) champions the health of people and communities and strengthens the profession of public health, shares the latest research and information, promotes best practices, and advocates for public health policies grounded in research. APHA is the only organization that influences federal policy, has a nearly 150-year perspective and brings together members from all fields of public health. APHA has an Occupational Health and Safety Section that advocates for the health, safety and well-being of workers, families, communities and the environment. The Section's members represent a multitude of disciplines from medicine, nursing and industrial hygiene to epidemiology, environmental health, statistics, community organizing, teaching, history, law and journalism. APHA's members intend to use the work-related injury and illness data submitted to OSHA under the Rule to conduct research on issues of workplace health and safety. APHA members often use information reported to government agencies and made available to the public to analyze threats to human health. For example, APHA members collaborate with community-based organizations that educate workers about on-the-job safety. The data that OSHA will receive and make available

to the public under the Rule will assist APHA members in developing training and education programs. APHA members will use the data to map the injury incidence experience of workplaces in the localities served by the organizations. This information will enhance the safety training curriculum with community-specific and employer-specific data, and facilitate health promotion activities related to workplace safety. APHA submitted comments to OSHA in support of the Rule.

7.     Plaintiff Council of State and Territorial Epidemiologists (CSTE) is an organization of member states and territories representing public health epidemiologists. CSTE provides technical advice and assistance to partner organizations and to the federal Centers for Disease Control and Prevention (CDC). CSTE members work closely with the CDC to track work-related injuries, relying on multiple sources of data, including reports by employers to regulatory agencies. CSTE and their members rely on the type of data required to be reported electronically and made publicly available under the Rule at issue in order to effectively track, investigate and prevent work-related injury and disease in the United States. CSTE epidemiologists have relied on reports from employers to identify serious and immediate threats to workplace health, including sudden death from methylene chloride in paint strippers used by trades workers; the inhalation of solvent vapors during gauging of tanks by oil and gas workers; serious and disabling injuries from repetitive work in poultry and meatpacking plants; and back injuries in nurses due to patient lifting and transferring. CSTE epidemiologists have used both state and national data to track the incidence of these work-related injuries and diseases, have performed public health investigations to understand the underlying risk factors that exist in the workplace, and have used this information to implement public health recommendations and inform regulatory action that has led to the prevention of these serious and disabling conditions. If the electronic submission and public disclosure requirements in the Rule are suspended, CSTE members would lose access to an

important source of timely, establishment-specific injury and illness information. CSTE submitted comments to OSHA in support of the Electronic Reporting Rule.

8.      Defendant Alexander Acosta is the United States Secretary of Labor and the highest ranking officer in the Department of Labor (DOL). He is charged with the supervision and management of all decisions and actions of that agency. Plaintiffs sue Secretary Acosta in his official capacity.

9.      Defendant DOL is an agency of the United States.

10.     Defendant OSHA is the component of DOL that issued the Rule.

## STATEMENT OF FACTS

**OSHA's Recordkeeping and Reporting Regulations**

11.     OSHA record-keeping regulations "require[] employers with more than 10 employees in most industries to keep records of occupational injuries and illnesses at their establishments." 81 Fed. Reg. at 29624 (citing 29 C.F.R. part 1904). OSHA regulations provide that those establishments must record each recordable employee injury and illness on a "Log" (the OSHA Form 300) and must prepare a supplementary "Incident Report" that provides additional details about each case recorded (the OSHA Form 301). At the end of each year, such establishments are required to prepare a summary report derived from the information in the Log. The summary is submitted through the "Annual Summary Form," OSHA Form 300A. *See* 29 C.F.R. § 1904.32(b).

12.     Before 2016, OSHA received injury and illness data on an *ad hoc* basis through two methods: (1) onsite inspections and (2) from 1996 to 2012, through the OSHA Data Initiative (ODI), an annual survey through which OSHA requested Form 300A data from approximately 80,000 large establishments in certain high-hazard industries. To provide OSHA a more effective

way of targeting its resources, as well as for research and other purposes, federal agencies and advisory groups beginning in the 1980s recommended that OSHA develop a system requiring establishments to provide the agency with injury and illness data from the OSHA forms.

13.     In November 2013, OSHA issued a proposed rule to require certain establishments to submit electronically to OSHA the information on Forms 300, 301, and 300A that they were already required to maintain. *See* 78 Fed. Reg. 67253 (Nov. 8, 2013). OSHA explained that "[t]he main purpose of this rulemaking is to improve workplace safety and health through the collection and use of timely, establishment-specific injury and illness data." *Id.* at 67258. OSHA stated that, to incentivize employers to increase safety at their workplaces and to allow for more effective research into work-related injuries and illnesses, it intended "to make public all of the collected data that neither FOIA … nor specific Part 1904 provisions prohibit from release." *Id.* at 67262.

14.     On May 12, 2016, OSHA issued the Electronic Reporting Rule to require the electronic submission of workplace injury and illness records. *See* 81 Fed. Reg. at 29623. In a section entitled "Benefits of Electronic Data Collection," OSHA explained that "[w]ith the information obtained through this final rule, employers, employees, employee representatives, the government, and researchers may be better able to identify and mitigate workplace hazards and thereby prevent worker injuries and illnesses." *Id.* at 29629. OSHA further noted that "the electronic submission of recordkeeping data will help OSHA encourage employers to prevent worker injuries and illnesses by greatly expanding OSHA's access to the establishment-specific information employers are already required to record under part 1904." *Id.* OSHA stated, "This information will help OSHA use its enforcement and compliance assistance resources more effectively by enabling OSHA to identify the workplaces where workers are at greatest risk." *Id.* at 29629–30.

15.     The Rule's effective date was January 1, 2017. The Rule mandated phased-in compliance deadlines for certain establishments with 250 or more employees and select establishments in high-risk industries with 20 or more employees (collectively, covered establishments) to electronically submit their injury and illness records to OSHA. *See* 29 C.F.R. § 1904.41(c).

16.     For 2016 injury and illness records, the Rule required covered establishments to electronically submit their 2016 summary Form 300As to OSHA by July 1, 2017. *See* 29 C.F.R. § 1904.41(c)(1) (2017). For 2017 injury and illness records, the Rule required covered establishments to submit electronically to OSHA information from OSHA forms 300, 301, and 300A by July 1, 2018. *See* 29 C.F.R. § 1904.41(c)(1) (2018). Beginning in 2019 and every year thereafter, covered establishments are required to submit the information on all three OSHA forms by March 2. *Id.* § 1904.41(c)(2). OSHA concluded that this phase-in would "provide sufficient time to ensure comprehensive outreach and compliance assistance in advance of implementation." 81 Fed. Reg. at 29640.

17.     OSHA stated in the preamble to the final rule that "OSHA intends to post the establishment-specific injury and illness data it collects under this final rule on its public Web site at www.osha.gov." 81 Fed. Reg. at 29625. OSHA explained that it would make publicly available all of the fields collected in OSHA Forms 300 and 300A, as well as all fields on OSHA Forms 301 that did not include personally identifying information. *Id.* at 29651.

18.     On June 28, 2017, OSHA issued a notice of proposed rulemaking to delay the compliance deadline for electronic submission of 2016 Form 300A data from July 1, 2017, to December 1, 2017. *See* 82 Fed. Reg. 29261 (June 28, 2017). OSHA noted that it intended to issue a separate proposal to reconsider, revise, or remove other provisions of the Electronic Reporting

Rule, but that the proposed rule addressed only the July 1, 2017 compliance deadline for submission of Form 300A data. *See id.* at 29261−62.

19.     On November 24, 2017, the agency issued a final rule delaying the compliance deadline for the submission of 2016 Form 300A data from July 1, 2017, to December 15, 2017. *See* 82 Fed. Reg. 55761 (Nov. 24, 2017). The rule did not alter any other deadlines.

**OSHA's Suspension of the July 1, 2018, Reporting Deadline**

20.     In or around May 2018, OSHA announced the suspension of the July 1, 2018, deadline for the electronic submission of 2017 OSHA Forms 300 and 301. OSHA did not publish a notice of the suspension of the July 1, 2018, deadline in the Federal Register and did not solicit public comment on it. Instead, OSHA announced the suspension of the deadline for the 2017 data on its website:

> Covered establishments with 250 or more employees are only required to provide their 2017 Form 300A summary data. **OSHA is not accepting Form 300 and 301 information at this time.** OSHA announced that it will issue a notice of proposed rulemaking (NPRM) to reconsider, revise, or remove provisions of the "Improve Tracking of Workplace Injuries and Illnesses" final rule, including the collection of the Forms 300/301 data. The Agency is currently drafting that NPRM and will seek comment on those provisions.

*See* OSHA, Final Rule Issued to Improve Tracking of Workplace Injuries and Illnesses, https://www.osha.gov/recordkeeping/finalrule/index.html (located in section entitled "Compliance schedule").

21.     OSHA has not issued a notice of proposed rulemaking to amend the Electronic Reporting Rule.

## FIRST CAUSE OF ACTION

(APA – Agency Action without Observance of Procedure Required by Law)

22.     The APA empowers this Court to hold unlawful and set aside agency actions taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

23.     OSHA suspended the requirement that covered establishments submit their 2017 Forms 300 and 301 by July 1, 2018.

24.     OSHA's action changes the Electronic Reporting Rule.

25.     OSHA lacks legal authority to suspend the requirement that covered establishments submit 2017 Forms 300 and 301 without undertaking notice and comment rulemaking.

26.     By failing to engage in notice-and-comment rulemaking before suspending the July 1, 2018, deadline, OSHA failed to observe procedures required by law, in contravention of the APA.

## SECOND CAUSE OF ACTION

(APA –Agency Action that Is Arbitrary, Capricious, or an Abuse of Discretion)

27.     The APA empowers this Court to "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

28.     OSHA has not provided a reasoned explanation for disregarding the facts and circumstances that underlie the Electronic Reporting Rule, including but not limited to its original findings regarding the Rule's benefits for workplace safety.

29.     OSHA's suspension of the requirement that covered establishments submit their 2017 Forms 300 and 301 by July 1, 2018, is arbitrary, capricious, or an abuse of discretion, in contravention of the APA.

## PRAYER FOR RELIEF

Wherefore, plaintiffs request that this Court:

A.      Declare that defendants' decision to suspend the requirement that covered establishments submit their 2017 OSHA Forms 300 and 301 by July 1, 2018, violates the APA, because it is arbitrary, capricious, an abuse of discretion, or contrary to law, and without observance of procedure required by law;

B.      Issue a permanent injunction requiring defendants to implement and enforce all the requirements of the Electronic Reporting Rule, including but not limited to the requirement that covered establishments submit their 2017 OSHA Forms 300 and 301 to OSHA electronically;

C.      Order defendants to require and accept submissions required by the Electronic reporting Rule within 30 days of the Court's order;

D.      Award plaintiffs their costs and reasonable attorney fees; and

E.      Grant all other appropriate relief.

Dated: July 25, 2018                    Respectfully submitted,

                                        /s/ Sean M. Sherman
                                        Sean M. Sherman (D.C. Bar No. 1046357)
                                        Michael T. Kirkpatrick (D.C. Bar No. 486293)
                                        Public Citizen Litigation Group
                                        1600 20th Street NW
                                        Washington, DC 20009
                                        (202) 588-1000

                                        *Counsel for Plaintiffs*