IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN HEALTH,<br>RESEARCH GROUP, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALEXANDER ACOSTA, Secretary,<br>United States Department of Labor, et al.,<br><br>        Defendants. | Civil Action No. 18-cv-1729-TJK |

**PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL
DECLARATIONS IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

On September 21, 2018, plaintiffs filed their reply in support of their motion for a preliminary injunction (Doc. 9) and attached two declarations. The first (Doc. 9-1) is a declaration from Michael A. Carome explaining that plaintiff Public Citizen Health Research Group (HRG) has submitted requests under the Freedom of Information Act (FOIA) seeking the records that are required to be submitted to OSHA under the Electronic Reporting Rule. The second (Doc. 9-2) is a declaration from counsel attaching as an exhibit a declaration filed in *Public Citizen Foundation v. Dep't of Labor*, No. 18-117 (D.D.C. June 29, 2018) (ECF No. 15-1).

Under Local Civil Rule 65.1(c), supplemental declarations to a motion for a preliminary injunction may be filed only with permission of the Court. Accordingly, plaintiffs seek leave, *nunc pro tunc*, to file the declarations.

Counsel for plaintiffs has exchanged emails with counsel for defendants regarding the relief sought. Counsel for defendants stated that "Defendant opposes the relief on the ground that

1

Local Civil Rule 65.1(c) explicitly requires that '[a]n application for a preliminary injunction . . . shall be supported by all affidavits on which plaintiff intends to rely,' and the affidavits in the reply raise additional factual matters to which defendant will be unable to respond without a sur-reply. Counsel for defendant states that, in light of competing professional obligations including pretrial matters, he is unable to work on a sur-reply in the coming days."

Plaintiffs disagree that the declarations at issue raise factual matters that would make a sur-reply appropriate. With regard to the first declaration, OSHA does not dispute that HRG has submitted FOIA requests seeking the records that are required to be submitted to OSHA under the Electronic Reporting Rule. Indeed, OSHA referred to one such request in its opposition. *See* Defs. Opp. 6. The point could also be established by reference to a FOIA case pending in this district, *Public Citizen Foundation v. Dep't of Labor*, No. 18-117 (D.D.C.). With regard to the second declaration, plaintiffs attached it to their reply for the convenience of the Court, but they could just as easily have stood on the citation to the record in the case in which the original declaration was filed. *See* Michaels Decl., *Public Citizen Foundation v. Dep't of Labor*, No. 18-117 (D.D.C. June 29, 2018) (ECF No. 15-1).

Dated: September 21, 2018                    Respectfully submitted,

/s/ Michael T. Kirkpatrick
Sean M. Sherman (D.C. Bar No. 1046357)
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*