# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC CITIZEN HEALTH RESEARCH
GROUP *et al.*,

    *Plaintiffs*,

v.

PATRICK PIZZELLA *et al.*,

    *Defendants*.

Civil Action No. 18-1729 (TJK)

## MEMORANDUM OPINION

In May 2018, the Occupational Safety and Health Administration (OSHA) posted an announcement on its website informing certain employers that they were no longer required to comply with a workplace-injury data reporting regulation OSHA had promulgated several years earlier. Under the regulation in question, covered employers had to provide the information to OHSA electronically on a set of standard forms. At that time, the first deadline to provide all the relevant data was approaching on July 1, 2018. OSHA's announcement also informed employers that it intended to issue a notice of proposed rulemaking to permanently rescind the requirement. Plaintiffs, several public-health advocacy groups that intended to use the data collected under the regulation, promptly sued, challenging OSHA's action as an unlawful suspension of the regulation that violated the Administrative Procedure Act.

Defendants moved to dismiss the complaint, arguing that the advocacy groups lacked standing to challenge the suspension and that, in any event, the announcement was merely a policy statement about their exercise of enforcement discretion not subject to judicial review. The Court rejected those arguments and denied the motion to dismiss, and soon after Plaintiffs moved for summary judgment.

In January 2019, and before Plaintiffs' motion was fully briefed, OSHA promulgated the new rule rescinding the electronic submission requirements from the 2016 regulation. And Plaintiffs promptly challenged that rule in a separate suit. Accordingly, in response to Plaintiffs' motion for summary judgment, OSHA moved to stay this case pending the resolution of the case challenging the final rule. Though neither party asserted mootness, the Court ordered supplemental briefing addressing whether it still has jurisdiction over Plaintiffs' claims given the later rulemaking. Upon consideration of those filings and the entire record, the Court holds that it does not, and thus it will dismiss this action for lack of subject-matter jurisdiction.

## I.  Factual and Procedural Background

The Court detailed the background of this case and the regulations at issue in its prior opinion, *Public Citizen Health Research Group. v. Acosta*, 363 F. Supp. 3d 1 (D.D.C. 2018), and thus it will only recount the salient points here.[1]

Under existing OSHA regulations, covered employers must record workplace injuries and illnesses on a set of three standardized forms—Form 301 to report individual incidents, Form 300 to record all work-related injuries on a log, and Form 300A to prepare an annual summary derived from the log. *See* 29 C.F.R. §§ 1904.1(a), 1904.29. To aid enforcement efforts and improve workplace safety, OSHA promulgated a rule (the "Electronic Reporting Rule") in May 2016 requiring certain employers to submit these forms to OSHA electronically each year. *See* Improve Tracking of Workplace Injuries and Illnesses, 81 Fed. Reg. 29,624, 29,627 (May 12, 2016). During the first year the rule was in effect, covered employers only had to submit Form 300A. By July 1, 2018, however, covered employers had to submit all three forms for calendar year 2017. *See Pub. Citizen*, 363 F. Supp. 3d at 7–8.

---

[1] The facts recounted here are undisputed unless otherwise noted.

But in May 2018, OSHA published the following announcement on its website:

> Covered establishments with 250 or more employees are only required to provide their 2017 Form 300A summary data. **OSHA is not accepting Form 300 and 301 information at this time**. OSHA announced that it will issue a notice of proposed rulemaking (NPRM) to reconsider, revise, or remove provisions of the "Improve Tracking of Workplace Injuries and Illnesses" final rule, including the collection of the Forms 300/301 data. The Agency is currently drafting that NPRM and will seek comment on those provisions.

ECF No. 1 ("Compl.") ¶ 20; *see also* ECF No. 32 ("Ans.") ¶ 20 (admitting that announcement was posted on website in May 2018).

Plaintiffs in this action—Public Citizen Health Research Group, the American Public Health Association, and the Council of State and Territorial Epidemiologists—are organizations engaged in research, education, and advocacy on public health issues, including workplace health and safety. *Pub. Citizen*, 363 F. Supp. 3d at 8–9. They allege that they intended to use the information submitted by covered employers under the Electronic Reporting Rule for those aims. *Id.* After OSHA published the May 2018 announcement, Plaintiffs sued Patrick Pizzella[2] in his official capacity as Acting Secretary of Labor, the Department of Labor, and OSHA (collectively, "Defendants"), bringing claims alleging that OSHA violated the Administrative Procedure Act (APA), 5 U.S.C. § 500 *et seq.*, and seeking declaratory relief and an injunction ordering OSHA to implement and enforce the requirements of the Electronic Reporting Rule. *See* Compl. Plaintiffs also filed a motion for a preliminary injunction, asserting that they were likely to suffer irreparable harm to their organizational efforts absent prompt relief. *See* ECF No. 7. Defendants later moved to dismiss the complaint, arguing that Plaintiffs lacked standing to bring their claims and that, in any event, they were challenging a nonjusticiable exercise of

---

[2] Patrick Pizzella was automatically substituted for R. Alexander Acosta as a defendant under Federal Rule of Civil Procedure 25(d).

OSHA's enforcement discretion. *See* ECF No. 13. The Court rejected both arguments. First, it concluded that Plaintiffs had standing to bring their claims. Second, the Court determined that Plaintiffs had plausibly alleged that the announcement did not constitute a policy statement about the exercise of OSHA's enforcement discretion, but rather a "wholesale *suspension* of the Electronic Reporting Rule." *Pub. Citizen*, 363 F. Supp. 3d at 18. And that alleged suspension, the Court found, would be subject to judicial review under the APA. *See id.* at 18–19. Even so, the Court denied Plaintiffs' motion for a preliminary injunction because Plaintiffs had not shown the requisite irreparable harm. *See id.* at 20–23.

About a week after the Court denied both parties' motions, Plaintiffs moved for summary judgment. ECF No. 18 ("Pls.' MSJ"). They argue that OSHA unlawfully suspended the Electronic Reporting Rule's July 2018 compliance deadline in violation of the APA and request that the Court "declare [D]efendants' suspension of the Rule's submission deadline unlawful[] and order [D]efendants promptly to notify covered employers that they must electronically submit OSHA Form 300 and 301 data that the regulation required the employers to submit by July 2018." *Id.* at 15.

On January 25, 2019, and before Defendants responded to Plaintiffs' motion, OSHA promulgated a new rule "rescinding the requirement for establishments . . . to electronically submit information from OSHA Forms 300 and 301." Tracking of Workplace Injuries and Illnesses, 84 Fed. Reg. 380 (Jan. 25, 2019) (hereinafter "2019 Rule"). Plaintiffs here and several States promptly challenged the final rule in two separate lawsuits. *See* Complaint, *Pub. Citizen Health Research Grp. v. Acosta*, No. 1:19-cv-00166-TJK (D.D.C. January 25, 2019); Complaint, *New Jersey v. Acosta*, No. 1:19-cv-00621-TJK (D.D.C. March 6, 2019). In light of the new rule

4

and the attendant legal challenges, Defendants moved to stay this case pending the outcome of the two cases cited above. *See* ECF No. 27 ("Defs.' MTS").

Defendants did not, however, argue that the new rule rendered Plaintiffs' claims moot. So the Court ordered the parties to file supplemental briefing addressing that very question. *See* ECF No. 33. The parties have each submitted supplemental memoranda, *see* ECF No. 35 ("Pls.' Supp. Mem."); ECF No. 36 ("Defs.' Supp. Mem."), and responses, *see* ECF No. 37 ("Pls.' Supp. Opp'n"); ECF No. 38 ("Defs.' Supp. Opp'n"). Perhaps unsurprisingly, Defendants now assert that the 2019 Rule rendered Plaintiffs' challenge to the May 2018 announcement in this action moot, a claim Plaintiffs strenuously dispute.

## II. Legal Standards

"If [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Indeed, even without an objection from one of the parties, a court must dismiss an action "on its own initiative" when it makes such a determination. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *see also* U.S. Const. art. III, § 2. In other words, the case-and-controversy requirement is unremitting; if at any point the court determines that a case or controversy no longer presents, the court must dismiss the action. *See Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013).

## III. Analysis

The Court's analysis begins—and ends—with an examination of its jurisdiction *vel non* over this matter. In their supplemental briefing, Defendants assert that the 2019 Rule superseded the May 2018 announcement because it permanently *rescinded* the July 2018 reporting requirement that the May 2018 announcement purportedly only *suspended*. *See* Defs.' Supp.

5

Mem. at 6–8. As a result, they argue, the Court can no longer grant Plaintiffs any effective relief; the unlawful agency action they challenge, and seek this Court to vacate, has been overtaken by subsequent agency action not before the Court. *Id.*

Plaintiffs dispute Defendants' characterization of the 2019 Rule. They assert that "this case is moot only if the [2019 Rule] rescinded the reporting requirement . . . for both future years *and* for July 2018." Pls.' Supp. Mem. at 2. And the Rule, they contend, is not (and cannot be) retroactive. *See id.* at 3–4. In Plaintiffs' view, a live case or controversy still exists about whether OSHA improperly suspended the July 2018 submission deadline for the Electronic Reporting Rule, and the Court can therefore declare that suspension unlawful and order OSHA to recognize and enforce that deadline.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "This occurs when, among other things, the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (alteration in original) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)). A claim may also be rendered moot where "intervening events make it impossible to grant the prevailing party effective relief." *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996)).

There can be little dispute that Plaintiffs have not "obtained all the relief that they [have] sought." *Monzillo*, 735 F.2d at 1459. They seek a declaration that Defendants' announcement violated the APA and an injunction requiring Defendants to "implement and enforce all the

6

requirements of the Electronic Reporting Rule," including by requiring and accepting submissions of Form 300 and Form 301. Compl. at 10. At this time, OSHA is not accepting any forms, and the Electronic Reporting Rule, including the July 2018 compliance deadline, is not in effect. *See* Compl. ¶ 20; ECF No. 27-1 ("Edens Decl.") ¶¶ 1–2.

As both parties acknowledge, however, if the 2019 Rule superseded the alleged suspension effected by the May 2018 announcement, the Court would be unable to grant Plaintiffs any effective relief in this lawsuit. *See* Pls.' Supp. Mem. at 2; Defs.' Supp. Mem. at 7–8. In those circumstances, if the Court were to declare the May 2018 announcement an unlawful suspension of the Electronic Reporting Rule's July 2018 deadline for forms covering calendar year 2017, that pronouncement would do Plaintiffs no good. The 2019 Rule, including its permanent recession of the electronic reporting requirements for Form 300 and Form 301, would remain in effect. And Plaintiffs would be no closer to accessing the data they seek. *See Grant v. Vilsack*, 892 F. Supp. 2d 252, 256–57 (D.D.C. 2012). Furthermore, the Court could not order that OSHA "implement and enforce" the Electronic Reporting Rule if the agency, by a separate action not before this Court, undertook new rulemaking to permanently rescind it. *See Ctr. for Sci. in the Public Interest v. Regan*, 727 F.2d 1161, 1164–65 (D.C. Cir. 1984); *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 87 (D.D.C. 2018). If the 2019 Rule did indeed entirely supersede the May 2018 announcement, to be entitled to the specific relief they seek, Plaintiffs must challenge that new rulemaking.

Whether this Court still has subject-matter jurisdiction thus turns on the scope of the 2019 Rule. Defendants contend that the 2019 Rule removed the electronic submission requirement for Form 300 and Form 301 for all covered years, including for calendar year 2017. *See* Defs.' Supp. Mem. at 8. And turning to its text, the Court can only agree. The published final

rulemaking confronts the electronic submission requirement in the abstract, examining whether that aspect of the Electronic Reporting Rule is sound policy. *See* 84 Fed. Reg. 383–87. Concluding that it is not, OSHA removes the requirement entirely for the two forms at issue, striking it from the regulatory text regardless of the applicable year. *See* 84 Fed. Reg. 405 (describing amendments to 29 C.F.R. part 1904); *see also* 84 Fed. Reg. 404 ("Under the final rule, [covered] establishments are only required to submit summary information from the OSHA Form 300A.").

The rulemaking does not, as Plaintiffs insist, assume that the July 2018 deadline had been separately rescinded by the May 2018 announcement. Indeed, that would be inconsistent with Plaintiffs' very theory of this case. According to Plaintiffs, the May 2018 announcement *suspended* the first deadline—that is, it put on hold the requirement for covered employers to submit Form 300 and Form 301 with data from 2017. *See* Compl. ¶¶ 23, 29. And that alleged suspension would necessarily become inoperative once OSHA, by a separate rulemaking not challenged here, decided to permanently rescind the requirement rather than merely suspend it.

The circumstances here are remarkably similar to those presented in *Clean Water Action*. In that case, the plaintiffs challenged an indefinite stay of a regulation imposing new effluent limitations for power plants and specific compliance deadlines. *See* 315 F. Supp. 3d at 77. But while the lawsuit was pending, the agency promulgated a new regulation, reinstating some of the deadlines and further postponing others. *See id.* at 77–78. The court thus dismissed the plaintiffs' claims as moot because the new rule had either reinstated the compliance deadlines as the plaintiffs sought or, notably, postponed them even more by agency action not before the court. *See id.* at 86–87. The situation here is, for mootness purposes, the same as that second

8

circumstance.  OSHA, by a later rulemaking not before the Court here, decided to forgo the suspension and just lift the reporting requirements entirely.[3]

Plaintiffs still protest that reading the 2019 Rule to remove the submission requirement even for calendar-year 2017 data would render the Rule impermissibly retroactive.  *See* Pls.' Supp. Memo. at 3–4.  As they correctly point out, the D.C. Circuit has held that the APA does not afford an agency the authority to enact retroactive legislative rules absent direct congressional authorization in the agency's organic statute.  *See Georgetown Univ. Hosp. v. Bowen*, 821 F.2d 750, 756–58 (D.C. Cir. 1987), *aff'd*, 488 U.S. 204 (1988).  And neither party contends that the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*, provides that authority.

But a "provision operates retroactively when it 'impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s] new duties with respect to transactions already completed.'"  *Nat'l Mining Ass'n v. Dep't of Labor*, 292 F.3d 849, 859 (per curiam) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).  Applied "[i]n the administrative context, a rule is retroactive if it 'takes away or impairs vested rights acquired under existing law, or creates a new obligation, imposes a new duty, or attaches a new disability

---

[3] Plaintiffs seek to distinguish this case from *Clean Water Action*, noting that in that case the agency expressly stated that it withdrew the challenged stay of compliance deadlines in the later rulemaking.  315 F. Supp. 3d at 86.  But while that certainly confirms the agency's intent, the Court does not think such an express revocation necessary when the later rulemaking, by its terms, can *only* have the effect of rendering obsolete the interim stay.  To be sure, in the published rulemaking for the 2019 Rule, OSHA explains, consistent with its insistence that the May 2018 announcement was not in fact a suspension of the Electronic Reporting Rule, that it merely "announced that it would not enforce this requirement without notice during this rulemaking."  84 Fed. Reg. 382.  But even under that conception of the May 2018 announcement, the 2019 Rule necessarily supersedes the effect of that announcement by lifting the requirement that covered employers must submit Form 300 and Form 301 *regardless of the year*, including for the year that had passed and the deadline that, according to Defendants, they chose not to enforce.

in respect to transactions or considerations already past.'" *Id.* (quotation marks omitted) (quoting *Nat'l Mining Ass'n v. U.S. Dep't of the Interior*, 177 F.3d 1, 8 (D.C. Cir. 1999)). The 2019 Rule causes none of those effects. As to the parties directly regulated by the 2019 Rule— the covered employers—it *lifts* an existing obligation, and thus it cannot be said to "impose[] a new duty" or "attach[] a new disability" to something that those employers have done or not done. Nor, for that matter, can it be said to impair their "vested rights." And Plaintiffs do not assert that they themselves have any vested rights directly impacted by the 2019 Rule. *See* Pls.' Supp. Opp'n at 2. Indeed, the sole injury Plaintiffs claim in support of their standing to bring this suit is their inability to access data, and they have not alleged that they have taken any action that would confer on them a vested legal right to that as-yet uncollected information. For these reasons, Plaintiffs' attempts to cast the 2019 Rule as impermissibly retroactive do not succeed.[4]

At bottom, Plaintiffs in this lawsuit challenge an agency action as unlawful. They claim that OSHA wrongfully delayed the compliance deadline for one of its regulations. But before this Court entered judgment, OSHA went through the rulemaking process and tried again, this

---

[4] There are of course two well-recognized exceptions to mootness: (1) the "voluntary cessation" exception and (2) the "capable of repetition but evading review" exception. *See, e.g.*, *Cierco v. Mnuchin*, 857 F.3d 407, (D.C. Cir. 2017). But Plaintiffs make no argument that either might apply here, and for good reason. To the extent the issuance of the 2019 Rule constitutes "voluntary cessation" of the allegedly unlawful May 2018 announcement, as noted, issuance of the 2019 Rule entirely replaced the May 2018 announcement and thus "completely eradicated the effects of" it. *NRDC v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814 n.8 (D.C. Cir. 1982). Indeed, in the administrative context, "repromulgation of [a rule] pursuant to notice and comment . . . is more accurately characterized as the provision of appropriate relief . . . than as cessation of illegal conduct." *Id.* (quotation marks omitted). Nor is there any non-speculative threat that OSHA would suspend the Electronic Reporting Rule's reporting requirements again in the future, given that OSHA has permanently rescinded them. *See Clean Water Action*, 315 F. Supp. 3d at 87. For the second exception to apply, Plaintiffs would likewise need to show a "reasonable expectation that [they] would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). As noted, on this record, they have not done so.

time deciding not just to delay the compliance deadline, but to remove it altogether. To be sure, Plaintiffs still insist that they are being deprived of access to data that OSHA is required by law to collect, but it is not because of the May 2018 announcement. That action is a dead letter. Rather, it is due to the 2019 Rule, which Plaintiffs have already challenged in a separate lawsuit. This case, on the other hand, is moot.

## IV. Conclusion

For all these reasons, the Court will, by separate order, dismiss this action for lack of subject-matter jurisdiction. And the Court will therefore deny Plaintiffs' Motion for Summary Judgment, ECF No. 18, and deny Defendants' Motion to Stay, ECF No. 27, as moot.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 26, 2019